# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DAVID MICHAEL MONTGOMERY,     *

Plaintiff     *

v     *     Civil Action No. ELH-18-390

PATUXENT     *

Defendant     *

***

## MEMORANDUM

On March 30, 2018, David Michael Montgomery filed a Motion for Reconsideration of the court's Order of March 13, 2018, which dismissed his complaint, without prejudice, pursuant to 28 U.S.C. §1915(g). [1] ECF 3.

## I. Factual Background

Montgomery's Complaint asserted claims based on past medical episodes associated with the tapering of his pain medications. At the time he filed his complaint, Montgomery was receiving pain medication, did not allege he was suffering any dangerous side effects, or that necessary medication was likely to be discontinued. Consequently, I determined that Montgomery did not allege facts to substantiate that he was in "imminent danger of serious physical injury" to warrant making an exception to the filing fee requirement under §1915(g).

## II. Discussion

The Federal Rules of Civil Procedure do not contain an express provision for a "motion for reconsideration" of a final judgment. *Katyle v. Penn Nat'l Gaming, Inc.,* 637 F.3d 462, 470

---

[1] Montgomery was assigned three "strikes" under 28 U.S.C. §1915(g), and is barred from filing cases unless he pays the filing fee or demonstrates that he is in "imminent danger of serious physical injury. *Montgomery v. Animation Adventer's Computer Game Internet Ower, All Viewers,* Civil Action No. ELH-15-1772 (assigning Montgomery's third "strike" under 28 U.S.C. § 1915(g)).

n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011); *see also Ngatia v. Dep't of Pub. Safety & Corr. Serv.*, WDQ-14-0899, 2015 WL 7012672, at *2 (D. Md. Nov. 12, 2015). Fed. R. Civ. P. 59(e) is captioned "Motion to Alter or Amend a Judgment." It states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." A district court may amend a judgment under Rule 59(e), *inter alia*, to "prevent manifest injustice." *Hutchinson v. Stanton*, 994 F.2d 1076, 1081 (4th Cir. 2002).

In this circuit, there are three limited grounds for granting a motion for reconsideration under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice. *See United States ex. rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998)). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co.,* 148 F.3d at 403 (quoting 11 Wright, et al., *Federal Practice & Procedure* § 2810.1, at 127–28 (2d ed. 1995)); *see also Medlock v. Rumsfeld*, 336 F.Supp.2d 452, 470 (D. Md. 2002), ("To the extent that Plaintiff is simply trying to reargue the case, he is not permitted to do so. Where a motion does not raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized.") (citation omitted), *aff'd*, 86 Fed. App'x 665 (4th Cir. 2004) (per curiam) (citation omitted). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.' " *Pac. Ins. Co.,* 148 F.3d at 403 (quoting Wright, et al., supra, § 2810.1, at 124).

In his Motion for Reconsideration, Montgomery argues that he contacted medical and mental health providers "over and over again" about side effects he suffers due to the

medications he is receiving. But, he acknowledges that his situation is not one of "imminent danger" or a matter of "life or death," although it is serious. ECF 3 at 1. He states that on March 22, 2018, he was seen by medical providers for his complaints of chest pain, which he characterized as an emergency. In response to these concerns, Montgomery was taken off a anxiety medication and placed on another to address the side effects. *Id*. at 2.

Montgomery's new claims about cold and flu symptoms and possibly suffering from a "walking" pneumonia, his difficulty receiving mail, and people "messing" with his personal information, are inappropriately raised in his Motion for Reconsideration. ECF 3 at 3, 10. These claims may be raised in a separately filed complaint that complies with the filing fee requirements under 28 U.S.C. §1915(g).

Because Montgomery does not allege an intervening change in controlling law or new evidence that was previously unavailable, the only relevant ground for reconsideration is to correct a clear error of law or prevent manifest injustice. Montgomery's allegations indicate ongoing efforts to adjust his medications and to address reported side effects. Of import, Montgomery acknowledges he is not in imminent danger of serious physical harm. His allegations indicate that when he reports problems or side effects, they are addressed by medical and mental health providers. Montgomery does not claim that he is being denied care. These allegations, having failed to substantiate a claim of clear error of law or compel reconsideration to prevent manifest injustice, do not satisfy the exacting standard for reconsideration, and the Motion for Reconsideration will be denied.

An Order follows.

                                                  /s/
                                        Ellen L. Hollander
                                        United States District Judge